AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
At Albuquerque NM
JAN 17 2019

| | |
|---|---|
| United States of America<br>v.<br>DAVID LOPEZ<br><br>Defendant(s) | )<br>)<br>) Case No. 19-MJ-111<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __17January2019__ in the county of __Bernalillo__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm and Ammunition |
| 18 U.S.C. § 931(a)(2) | 18 U.S.C. § 931(a)(2) - Violent Felon in Possession of Body Armor |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

MICHAEL MOSTAGHNI, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 01/17/2019

_____
Judge's signature

City and state: Albuquerque, NM

JERRY H. RITTER, US MAGISTRATE JUDGE
Printed name and title

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Michael Mostaghni, being duly sworn, depose and state:

I have been a law enforcement officer for approximately 2.5 years and am employed as a Special Agent with the Federal Bureau of Investigation (FBI). I am assigned to the Safe Streets High Intensity Drug Trafficking Area Gang Task Force (SSGTF) at the Albuquerque Field Office of the FBI. I primarily investigate transnational organized crime, gang-criminal enterprises, and drug trafficking organizations involved in unlawful possession of firearms, distribution of controlled substances, racketeering activities, and conspiracies associated with these offenses. I have received on the job training from other experienced agents, detectives, and correctional officers in the investigation of gangs and criminal organizations. My investigative training and experience includes, but is not limited to, interviewing subjects, targets, and witnesses; writing affidavits for and executing search and arrest warrants; managing cooperating sources; collecting evidence; conducting surveillance; and analyzing public records.

1. This affidavit is submitted in support of a criminal complaint charging DAVID LOPEZ, born on July 20th, 1976, with violations of 18 U.S.C. § 922(g)(1), that being Felon in Possession of a Firearm and Ammunition and 18 U.S.C. § 931(a)(2), Violent Felon in Possession of Body Armor.

**BACKGROUND**

2. LOPEZ is a convicted felon, who was on state probation on November 13, 2018. His criminal history includes convictions for the following felony offenses: Second Degree Murder - (with firearm enhancement: CR 07-04186); Aggravated Fleeing of a Law Enforcement Officer (CR 07-04186); Conspiracy to Commit Escape from Jail (CR 09-02956); and Possession of a Controlled Substance (Heroin: CR 08-03806). LOPEZ's New Mexico state conviction for Murder in the Second Degree qualifies as a crime of violence under 18 U.S.C. § 931.

Page | 1

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

## INVESTIGATION

3. On November 13, 2018, New Mexico State Probation Officers and Security Threat Intelligence Unit (STIU) Officers conducted a home visit to LOPEZ's listed residence located at 6100 Isleta Blvd SW, Apt C., Albuquerque, NM 87108, within the District of New Mexico.

4. There, Probation/STIU Officers located two loaded firearms in LOPEZ's bedroom – a Glock 30S pistol was located on a nightstand/bookshelf adjacent to the bed and a Mack 10 submachine gun was located under a different nightstand adjacent to the bed on the opposite side. Officers knew from previous visits, as well as from the items found within that bedroom, that the bedroom was LOPEZ's bedroom. There were no occupants present at the time of the search and LOPEZ was the only subject known by investigators registered as residing at that address. In a post-arrest interview, LOPEZ claimed his girlfriend stayed with him the night prior to the search, however, she was not present during the search. Officers further indicated the Glock 30S pistol was located on the same side of the bed, and in close proximity, to where LOPEZ kept his medication. Probation/STIU also found body armor located on a chair in LOPEZ's bedroom and various ammunition strewn about the bedroom.

5. Upon examination, I determined both firearms were loaded. The Glock 30S is a .45 caliber pistol bearing serial number BBUS450, the Mack 10 is a .45 caliber submachine gun bearing serial number A14954. The additional ammunition found in LOPEZ's bedroom consists of a single 7.62 millimeter cartridge, and a box of .45 caliber ammunition.

6. Based on my training and experience, the firearms, the ammunition, and the body armor appear to be fully functional. The firearms appear to be able to expel a projectile by the action of an explosive. The ammunition appears capable of being fired from a modern firearm. And the body armor appears to be personal protective body covering intended to protect against gunfire.

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

To my knowledge, the Glock 30S pistol, the Mack 10 submachine gun, the recovered ammunition, and the body armor were not manufactured within the District of New Mexico. Therefore, all of these items have traveled in interstate commerce.

## CONCLUSION

Based on the above information, there is probable cause to believe that LOPEZ has committed violations of 18 U.S.C. § 922(g)(1), that being Felon in Possession of a Firearm and Ammunition and 18 U.S.C. § 931(a)(2), that being Violent Felon in Possession of Body Armor.

7. This Complaint was approved of by AUSA Kristopher N. Houghton.

Respectfully submitted,

Michael Mostaghni
FBI Special Agent

Subscribed and sworn to before me on January 17, 2019:

THE HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE